# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
vs. : CR No. 06-069-ML
:
ANCELMO A. CASTILLO :

## MEMORANDUM AND ORDER

Ancelmo C. Castillo has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, that motion is denied.

### FACTUAL BACKGROUND AND TRAVEL

Castillo was charged, along with a co-defendant, in a two-count indictment with (1) conspiracy to distribute, and to possess with intent to distribute, in excess of one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I); and (2) possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), 846 and 2 (Count II).[1] Castillo was represented by retained counsel Attorney John F. Cicilline throughout his plea and sentencing proceedings.[2]

Castillo pled guilty to both counts pursuant to a written plea agreement. At his change of plea hearing he agreed with the facts as presented by the Government, including that he conspired with Olivo to distribute 1.2 kilograms of heroin on May 26, 2006 and participated in the actual sale of approximately 981 grams of heroin to a DEA informant on May 27, 2006. (See Transcript of Change of Plea Hearing conducted on August 2, 2006 ["Plea Tr."] at 19-23.) Castillo made similar

---

[1] The co-defendant, Roberto Olivo, was convicted after trial of the same offenses and was separately sentenced.

[2] All proceedings in this Court through sentencing were conducted before Judge Ernest C. Torres. Thereafter, the case was assigned to the undersigned.

admissions in his plea agreement. (Plea Agreement, ¶4.)[3]

The presentence report (PSR) calculated an offense level of 27 (including a credit of 3 points for acceptance of responsibility) and a criminal history category I, which yielded a guideline range of 70-87 months. In view of the ten-year mandatory minimum penalty for the Count I offense, however, the restricted guideline range was 120 months, apart from any applicable safety valve considerations. (PRS, ¶¶ 43-44.)

At his sentencing hearing,[4] Castillo testified and denied selling drugs but did not seek to withdraw his guilty plea. (See Transcript of Sentencing Hearing conducted on April 19, 2007 ["4/19/11 Sent. Tr."] at 18-34.) After hearing argument from counsel, Judge Torres denied any reduction for acceptance of responsibility but concluded that Castillo could still receive the benefit of the safety valve. (Id. at 52.) The Court further denied Castillo's request for a downward departure. Based on a revised offense level of 30 and a guideline range of 97-121 months, the Court sentenced Castillo to 108 months imprisonment, followed by five years of supervised release. (Id. at 65-69.)

Castillo appealed, arguing that the sentencing court erred in denying him an acceptance-of-responsibility reduction and in refusing to allow his counsel to withdraw. The Court of Appeals summarily affirmed his conviction and sentence, on the basis of an appeal waiver in the plea agreement. United States v. Castillo, No. 07-1711, Judgment (1st Cir. June 29, 2009). The Court of Appeals noted, however, that Castillo's claim that his counsel should have been permitted to withdraw from representation was meritless. Id. at *1.

---

[3] The Government subsequently filed an amended indictment (Doc. #31) to change the quantity of heroin set forth in Count II from "one kilogram or more" to "100 grams or more," in order to reflect the actual quantity involved in the May 27 drug sale (981 grams); the plea agreement was amended to reflect this as well. (Plea Tr. at 2-5.)

[4] Four separate hearings were conducted in connection with Castillo's sentencing, which are discussed infra.

Castillo thereafter filed the instant motion to vacate. In his motion he asserts that (1) this Court should have permitted a reduction for acceptance of responsibility; (2) this Court erred in denying trial counsel's motion to withdraw; and (3) that his counsel provided ineffective assistance throughout his plea and sentencing proceedings. The Government has objected to the motion to vacate,[5] and this matter is ready for decision.[6]

## DISCUSSION

Generally, the grounds justifying relief under §2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979)."'[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 185 (internal quotation omitted).

A motion under §2255 is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" for the default and "actual prejudice" -- or, alternatively, that he is "actually innocent" of the offense for which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). See also Brache v. United States, 165 F.3d 99, 102 (1st Cir. 1999). Claims of ineffective assistance of counsel, however, are not subject

---

[5] After the Government objected, Castillo filed a motion (Doc. #110) requesting: (1) copies of the docket, the PSR report, the indictment and plea agreement as well as transcripts of his plea and sentencing hearings; and (2) additional time to file his reply to the Government's objection after receiving those copies. That request did not reference any new claims that Castillo wished to assert. This Court denied the request (see Text Order dated April 20, 2010), and Castillo has not filed any reply.

[6] This Court notes that no evidentiary hearing is required in connection with any issues raised by the instant motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that his motion is procedurally flawed and the claims are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief; or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.") (internal quotations omitted).

to this procedural hurdle. See Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

A.  Acceptance of Responsibility Adjustment

Castillo first claims that the sentencing court erred in not granting him an adjustment for acceptance of responsibility, pursuant to USSG §3E1.1. He contends that during his testimony at the final sentencing hearing, he merely attempted to explain that when he committed his drug offenses he was acting under coercion or duress rather than to disclaim responsibility. (See Motion to Vacate ["Pet. Mot."] at 9-12.)

As a threshold matter, the Government points out that Castillo raised this claim on direct appeal. Although the claim was not addressed due to the appeal waiver provision of his plea agreement (Plea Agreement, ¶13), the Court of Appeals found no miscarriage of justice to negate the waiver. See Castillo, No. 07-1711, at *1. Assuming that the claim was effectively "disposed of," Castillo is precluded from raising it here. See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) ("issues disposed of in any prior appeal will not be reviewed again by way of a 28 U.S.C. §2255 motion").

Even if this claim is not deemed to have been adjudicated on direct appeal, the claim is without merit in any event. "Under the applicable guideline, USSG § 3E1.1(a), a defendant may receive a two-level downward adjustment if he seasonably accepts responsibility for the crime(s) of conviction. The burden of proving that he accepted responsibility rests squarely with the defendant." United States v. Deppe, 509 F.3d 54, 60 (1st Cir. 2007); United States v. Royer, 895 F.2d 28, 29–30 (1st Cir.1990). Moreover, although the entry of a guilty plea prior to trial may be evidence of acceptance of responsibility, it does not automatically entitle a defendant to a reduction in offense level. "The sentencing court must still find that the defendant exhibits "candor and authentic remorse'..." United States v. McLaughlin, 378 F.3d 35, 39-40 (1st Cir. 2004) (quoting

Royer, 895 F.2d at 30). See also USSG § 3E1.1, Comment (note 3).

Here, the sentencing court's denial of an acceptance-of-responsibility reduction was amply supported. Although Castillo contends that his testimony at sentencing was merely an attempt to "explain his conduct" rather than a denial of culpability (Pet. Mot. at 11-12), the record does not support his characterization. At three separate sentencing hearings and in a letter to the sentencing court, Castillo: (1) minimized his own involvement in the offense; (2) claimed that he was "pressured" and "trapped" into committing the crime by various people, and (3) denied that he had ever seen, touched or sold drugs. (See 2/1/07 Sen. Tr. 3-5, 8-11; 4/5/07 Hrg. Tr. 24-25, 27-28.)[7] His

---

[7] While testifying at his final sentencing hearing, Castillo made the following statements:

During examination by counsel:
Q. Okay. During the discussions that I had with you, Mr. Castillo . . . did I tell you that the Government said you delivered 1,200 grams of heroin on May 27?
A. I told you that I could not talk about the amount because I never saw that, and I never touched that, and they don't have my fingerprints.
*  *  *
Q. Mr. Castillo, were you involved in a transaction on May 27 involving heroin?
A. Mr. Cicilline, I have told you that I was pressed by that man into doing that because they were threats against my family, and then they wanted me to go to New York, but I didn't go to New York. And there was a conspiracy between Olivo and his wife to get me mixed in this.
(4/19/07 Sent. Tr. at 18-19)

On cross-examination:
Q. Mr. Castillo, isn't it true that you met with an individual cooperating with the Government on May 26, 2006?
A. I met with him, but that was not to agree to sell drugs.
Q. Isn't it true that you met with this individual and agreed to sell this individual 1,200 grams of heroin?
A. When I met with that guy, it was to give $60,000 to Jacob because he pressured me to get that for him.
Q. So are you denying that you agreed to sell this individual 1,200 grams of heroin?
A. Jacob was the one who made a transaction with him. I was not the one. I am the object of a trap. That's simply what happened.
(Id. at 27-28.)

On re-direct:
Q. You knew that a drug transaction was going on, on that day, did you not?
A. Not exactly. He talked to me about money, that there was some money and that I was the only one who could go and get it.
Q. What was the money for?
A. I did not care what the money was for. . . .
(Id. at 29.)

Moreover, Castillo also reiterated his denial of guilt in an exchange with the Court:

THE COURT: Were you involved in two previous drug transactions in December of 2005 in May of 2006? My question is: Were you involved? I understand that you're saying that you were pressured, but my question is: were you involved?
THE DEFENDANT: I was always at home. I never left my house. They prepared everything, and it looked like I was involved. . . .
*  *  *

testimony at his sentencing hearing was found by the court to be "evasive and, in some cases, outright incredible","totally unworthy of belief," and "simply untrue," displaying no genuine remorse whatever. (4/19/07 Sen. Tr. 50-53, 68.) In addition, Castillo attempted to distance himself from the letter he had previously submitted accepting responsibility by stating that it was prepared by his counsel. (Id. at 32.)

In these circumstances, the sentencing court's conclusion that Castillo had not accepted responsibility was reasonable and amply supported by relevant case law. See e.g., United States v. Garrasteguy, 559 F.3d 34, 39 (1st Cir. 2009) (upholding the district court's denial of acceptance of responsibility points where defendant went to trial regarding the drug weights involved in the offense, but pled to the rest of the Indictment); United States v. Deppe, 509 F.3d 54, 60-61 (1st Cir. 2007) (concluding that the defendant's downplaying of his role in the fraud and his attempts to shift blame to another were contrary to a finding that he had accepted responsibility for his criminality); United States v. Rodriguez-Duran, 507 F.3d 749, 774 n.34 (1st Cir. 2007) (refusing to award defendants a reduction for acceptance of responsibility where they maintained a duress defense); United States v. Sanchez-Berrios, 424 F.3d 65, 79 (1st Cir. 2005) (no reduction for acceptance of responsibility where defendant maintained a weak entrapment defense).[8]

Thus, there was no error in the Court's denial of the acceptance-of-responsibility adjustment, and this claim fails.

B.  Denial of Motion to Withdraw

---

THE COURT: [After reading from Defendant's plea colloquy in which he admits participating in a prior drug transaction involving 500 grams by making phone calls (see Plea Tr. at 23) ] ... Did you participate in the transaction involving 500 grams by phone calls, or was that statement untrue?
THE DEFENDANT: I say again, everything was made to look like I was selling drugs, and I don't sell drugs. (Id. at 31-32.)

[8] The cases cited by Castillo do not assist this claim. In each of them, the court *upheld* a denial of a reduction for acceptance of responsibility, based on its observation of the defendant. See United States v. Bosque, 312 F.3d 313, 317 (7th Cir. 2002), United States v. Austin, 948 F.2d 783, 787-88 (1st Cir. 1991), and United States v. Ocasio-Rivera, 991 F.2d 1, 4 (1st Cir. 1993).

Castillo next claims that the Court erred in denying a motion to withdraw made by his counsel in the sentencing phase of the case. The short answer to this claim is that it was raised and rejected on direct appeal. In its summary affirmance, the Court of Appeals expressly noted that "[t]he court's inquiry into the matter was adequate and revealed that the occasional conflict with counsel did not result in an irreparable failure of communication. . . . We see no abuse of discretion in the court's ruling." Castillo, No. 07-1711, Judgment at *1 (citation omitted). It follows that Castillo is precluded from raising that claim here. See Singleton, 26 F.3d at 240.

C.  Ineffective Assistance Claims

Castillo further claims that his retained counsel rendered ineffective assistance in the course of his plea and sentencing proceedings. He contends that counsel (1) failed to investigate his case to ensure that he received a fair plea agreement from the government; and (2) failed to explain why he should plead or "the different exposures of jail time" if he went to trial rather than pleading guilty and thus he was "coerced into tendering a guilty plea." ( Motion to Vacate at 15.)

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

(1) That his counsel's performance fell below an objective standard of reasonableness; and
(2) [A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See United States v. Manon, 608 F.3d 126, 132-33 (1st Cir. 2010). The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance.

To satisfy the deficient-performance prong, the defendant "'must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,' and the court then determines whether, in the particular context, the identified conduct

-7-

or inaction was 'outside the wide range of professionally competent assistance.'" Manon, 608 F.3d at 131 (quoting Strickland, 466 U.S. at 690). To satisfy the prejudice requirement under Strickland, a defendant who has pled guilty must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Accord Ferrara v. United States, 456 F.3d 278, 294 (1st Cir. 2006).

Under these principles, none of Castillo's ineffective assistance claims have merit.

1. Failure to investigate

Although Castillo claims that his counsel was deficient in failing to investigate his offenses and enhancements to ensure that he received a fair or more favorable plea agreement, he does not identify any fact helpful to his defense that counsel could have discovered. Nor does he explain how his plea agreement was unfair. Bald and conclusory assertions will not suffice to obtain relief under §2255. See Lema v. United States, 987 F.2d 48, 51-52 (1st Cir. 1993); see also Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992) (summary dismissal of § 2255 motion is proper where, *inter alia*, grounds for relief are based upon bald assertions).

Furthermore, Castillo has not demonstrated prejudice. Because he cannot articulate what counsel should have investigated, he cannot show that had his counsel conducted a more extensive investigation, he would have pled not guilty and proceeded to trial. See Cummings v. Sirmons, 506 F.3d 1211, 1227-28 (10th Cir. 2007) (claim of ineffectiveness failed where defendant did not identify any facts which counsel could have used to obtain a better plea offer). Indeed, Castillo admitted under oath at his plea colloquy that he participated in the drug transactions for which he was charged. (Plea Tr. at 22-23.) He also concedes (Pet. Mot. at 11-12) that his statements to the sentencing court that his participation was motivated by his concerns for the safety of his family were made for the purpose of mitigating his sentence rather than denying liability. Accordingly, this claim fails.

## 2. Alleged Failure to Explain Advantages of Guilty Plea

Castillo's further claim that his counsel did not adequately explain to him why he should plead guilty or the potential impact of a guilty plea on his potential sentence is likewise without force and belied by the record.

At the change of plea hearing, Castillo agreed that his counsel explained the charges against him and what the government would have to prove to convict him of the offense. (Plea Tr. 11-12) Castillo also agreed that his counsel explained the plea agreement to him and "the significance of signing it" and further stated that he understood its terms. (Id. at 13). Castillo also stated that he understood the penalties that he faced if his guilty plea were accepted. (8/2/06 Tr. 15). Later, at the initial sentencing hearing, counsel indicated that he reviewed both the plea agreement and the evidence with Castillo, including Castillo's signed admissions given to law enforcement, and then when Castillo voiced objection, counsel spent "considerable time" reviewing these items again. (2/1/07 Sen. Tr. 11-12.)

Moreover, even if counsel's performance in this regard could somehow be deemed deficient, Castillo was not prejudiced, as the Court itself explained to Castillo the consequences of pleading. At the change of plea hearing, the Court described the potential sentence Castillo faced for the offenses to which he was pleading guilty. (Plea Tr. at 15.) After explaining what rights Castillo was giving up by pleading guilty, the Court then asked him, "And do you also understand the difference between what happens if you plead not guilty as opposed to what happens if your guilty plea is accepted?" to which Castillo answered, "Yes, sir." (Plea Tr. at 18) In addition, the sentencing Court continued Castillo's sentencing hearing on three occasions to permit him to consult with his counsel to consider withdrawing his guilty plea and/or to review the PSR and his potential sentence.

Thus, Castillo cannot claim that he did not understand what penalties he faced or the import of pleading guilty. Moreover, given the evidence against him, including a written confession, there

is no reason to believe that Castillo would have insisted on going to trial or would have received a lesser sentence had he gone to trial. Accordingly, even if Castillo's doubtful claim regarding his counsel's alleged failure to discuss the impact of pleading guilty were true, Castillo has not demonstrated any prejudice.

This Court has considered all of Castillo's remaining arguments and finds them to be without merit.

## CONCLUSION

In view of the foregoing considerations, Castillo's motion to vacate is hereby DENIED and DISMISSED.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing §2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA), because Castillo has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

Castillo is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2255 Rule 11(a).

SO ORDERED:

/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge
Date: October 21, 2011